# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| WENDELL BRUCE THOMAS | * | |
| Plaintiff | * | |
| v | * | Civil Action No. DKC-16-4146 |
| OFFICER LINTON and WARDEN FOXWELL | * | |
| | * | |
| Defendants | | |

\*\*\*

## MEMORANDUM OPINION

The above-entitled civil rights complaint was filed on December 27, 2016, together with a motion to proceed *in forma pauperis*. Because he appears indigent, the motion will be granted. The complaint must be dismissed for the reasons stated below.

Plaintiff is an inmate in the Maryland Division of Correction and is incarcerated at the Brockbridge Correctional Facility in Jessup, Maryland. He states that on September 15, 2016, he was given approval to order a package by Officer Linton. ECF No. 1 at p. 5. The package arrived at the prison on October 11, 2016, and on October 13, 2016, Linton gave the package to another inmate. *Id*. On November 3, 2016, Plaintiff filed an administrative complaint regarding the package which was found meritorious by Warden Foxwell on November 30, 2016. *Id*. at p. 6. Plaintiff was reimbursed for the cost of the package and told by Foxwell that he would be allowed to order another package with "the exact same contents" of the previous order. *Id*.

Plaintiff alleges that he was denied due process of law in violation of the Fourteenth Amendment when his package was not delivered to him and caused him a "grievous loss when [his] outside support refused to send [him] more funds for fear of those funds being mishandled by Ms. Linton and the administration" at the prison. *Id*. Plaintiff also claims that the actions of

Defendants, Linton and Foxwell, violated the Eighth Amendment's prohibition against cruel and unusual punishment; that he was denied his right to participate in programs based on discrimination; that he was mentally abused when Linton gave away his package knowing the prison was without state-issued clothing to substitute for the contents; and that he was placed in violation of an institutional rule requiring inmates to be dressed in a presentable manner. *Id*. at pp. 6 – 7.  Plaintiff further avers that he was denied his right to exercise his rights as a consumer when he was not allowed to add items to the replacement order. *Id*. at p. 8.  He seeks declaratory and injunctive relief as well as compensatory and punitive damages. *Id*.

Where, as here, the deprivation of personal property by prison officials does not impact on a protected constitutional right such as the right to observe one's chosen religion or to redress grievances in a court of law, there is no cognizable constitutional claim stated.  In the case of such property, sufficient due process is afforded to a prisoner if he has access to an adequate post-deprivation remedy.  *See Parratt v. Taylor*, 451 U.S. 527, 540 (1981), *overruled on other grounds by Daniels v. Williams*, 474 U.S. 327 (1986).  On the face of the complaint, it is evident that Plaintiff was provided with an adequate post-deprivation remedy when his account was credited with the cost of the items lost.  The loss of property as described does not become one of constitutional magnitude simply by virtue of Plaintiff's status as a prisoner; the remedy provided is identical to that which any consumer would be entitled under like circumstances.

Plaintiff's remaining claims fare no better.  To the extent misdelivery of a package and denial of an opportunity to order more than just a replacement of the goods ordered[1] constitutes a hardship, there is nothing in the complaint that suggests those particular circumstances were an

---

[1]   Plaintiff states that he did not appeal the Warden's response to his administrative remedy because it was found meritorious.  ECF No. 1 at p. 2.  However, to the extent Plaintiff takes issue with the limitation on what he was permitted to order, an appeal of that portion of the response was required before it may be raised as a basis for a claim in this court.  *See Blake v. Ross*, 136 S.Ct. 1850, 1858 (2016) (available remedies must be exhausted).

atypical and significant hardship as compared to the ordinary incidents of incarceration. Plaintiff's alleged inability to dress in a presentable manner and his alleged emotional distress, does not constituted such a hardship. Absent that evidence, an Eighth Amendment claim is not stated. *See Sandin v. Conner*, 515 U.S. 472, 493 (1995) (requiring an atypical and significant hardship as prerequisite to creation of a constitutionally protected liberty interest). "[G]iven a valid conviction, the criminal defendant has been constitutionally deprived of his liberty to the extent that the State may confine him and subject him to the rules of its prison system so long as the conditions of confinement do not otherwise violate the Constitution." *Meachum v. Fano*, 427 U.S. 215, 224 (1976). In short, there is nothing in the facts stated that would lead to even a suspicion that the loss of Plaintiff's package was punishment, let alone cruel and unusual.

The complaint here shall be dismissed under the provisions of 28 U.S.C. § 1915(e). *See Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *see also Denton v. Hernandez*, 504 U.S. 25, 32 (1992); *Cochran v. Morris*, 73 F.3d 1310, 1315 (4th Cir. 1996); *Nasim v. Warden*, 64 F.3d 951, 954-55 (4th Cir. 1995). Plaintiff is hereby notified that he may be barred from filing future suits *in forma pauperis* if he continues to file federal civil rights actions that are subject to dismissal for failure to state a claim on which relief may be granted under the standards set forth in § 1915(e) or under Fed .R. Civ. P. 12(b)(6).

A separate Order follows.


January 9, 2017                             _____/s/_____
                                                          DEBORAH K. CHASANOW
                                                          United States District Judge